# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Bk. No. 90-41473 |
| ESTHER MAE WATKINS, | ) | |
| f/k/a Esther Mae Tigner, n/k/a Esther Mae Queen | ) | Adv. No. 10-4319-ABF |
| | ) | |
| Debtor. | ) | |
| | ) | |

---

| | | |
|---|---|---|
| ESTHER MAE QUEEN, | ) | |
| f/k/a Esther Mae Watkins, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Case No. 11-00253-CV-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| EDUCATIONAL CREDIT MANAGEMENT | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

## ORDER

Pending before the Court is the Plaintiff-Appellant's ("Queen") appeal from the United States Bankruptcy Court for the Western District of Missouri's Order dismissing her adversary case. The Court has reviewed the Record on Appeal and the parties' briefs. For the reasons stated herein, the Bankruptcy Court's decision is REVERSED AND REMANDED.

## Background

On June 11, 1990, Queen filed a voluntary petition for Chapter 7 bankruptcy. Her amended schedules reflected a student loan in the amount of $4,800, incurred prior to April 1985. Queen received a general discharge on November 7, 1990. She did not file an adversary proceeding to determine the dischargeability of the student loan. Queen was informed by her attorney at the time that the loan had been discharged. In early 2010, Queen discovered that the

loan had not been discharged when the Defendant-Appellee Educational Credit Management Corporation ("ECMC") intercepted her 2009 tax refund. She then filed to reopen her 1990 case and filed an adversary proceeding to determine the dischargeability of the loan under either (1) a provision of the law in effect in 1990 allowing for discharge of student loans which come due five years prior to discharge or (2) on the basis of undue hardship.

ECMC moved to dismiss the case for lack of subject matter jurisdiction and failure to state a claim, claiming that the Bankruptcy Court lacked jurisdiction to amend the 1990 discharge. Queen countered citing a recent Bankruptcy Appellate Panel ("BAP") decision which rejected ECMC's arguments. *In re Walker,* 427 B.R. 471 (B.A.P. 8th Cir. 2010) (*Walker I*).[1] In this case, the BAP held that Bankruptcy Rule 4007 gives the Bankruptcy Court jurisdiction to decide student loan dischargeability "'at any time' and, if necessary, a closed bankruptcy case may be reopened…" *Id.* at 478. It noted that ECMC—the defendant in both *Walker* cases as well—had improperly designated this as a subject matter jurisdiction issue, reasoning that because student loans are not discharged unless explicitly stated, a general order of discharge is not final as to such loans. *Id.* at 479-80. In this case, the Bankruptcy Court distinguished *Walker I*, noting that it regarded a situation in which a debtor could file a new bankruptcy case—as here—as distinguishable.[2] *Id.* at 479 n.19. The Bankruptcy Court granted ECMC's Motion to

---

[1] The Eighth Circuit recently affirmed *Walker I. In re Walker,* -- F.3d --, No 10-2032 (8th Cir. Aug. 18, 2011) (*Walker II*) *available at* http://www.ca8.uscourts.gov/opndir/11/08/102032P.pdf. The only issue from this opinion relevant to the Court's analysis is the Eighth Circuit's determination that "ignor[ing] what occurred in Walker's life after 2004 would be inconsistent with the first prong of the totality-of-circumstances test, which instructs a fact-finding court to consider 'the debtor's past, present, and reasonably reliable future circumstances.'" *Id.* at 6 (quoting *In re Long*, 322 F.3d 549, 554 (8th Cir. 2003)). This clearly indicates that Queen's financial situation since 1990 is relevant to undue hardship analysis and does not speak to her first claim for discharge under the 1990 version of the law.

[2] B.A.P. opinions are not binding on the Bankruptcy or District Courts, however, they are persuasive authority. *In re Pepmeyer,* 273 B.R. 782, 785 (N.D. Iowa 2002); *In re Williams,* 257 B.R. 297, 301 n.5 (Bankr. W.D. Mo. 2001) (B.A.P. not binding on the Bankruptcy Court but "entitled to appropriate respect").

dismiss and advised Queen to file a new case to determine dischargeability of the loan at issue. Queen then filed a timely notice of appeal. The above-stated facts are undisputed. Doc. 9 at 6.

**Standard**

As mentioned above, the default rule is that student loans are not dischargeable in bankruptcy and are not included in a general discharge. *Educ. Credit Mgmt. Corp. v. Jesperson,* 571 F.3d 775, 778 (8th Cir. 2009). They may be found dischargeable if the debtor can show "undue hardship." 11 U.S.C. § 523(a)(8). Undue hardship is determined in light of the "totality-of-the-circumstances…[including] the debtor's past, present, and reasonably reliable future financial resources, the debtor's reasonable and necessary living expenses, and any other relevant facts and circumstances." *Jesperson,* 571 F.3d at 779 (internal quotations omitted). While not true today, in 1990 a student loan was dischargeable if it came due more than five years prior to the filing. 11 U.S.C.A. § 523(a)(8)(A) (West 1990) ("…unless…such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition"). Absent some indication of Congressional intent for retroactive application, the version of the law in effect at the time of filing applies. *In re Shearer,* 167 B.R. 153, 156 (Bankr. W.D. Mo. 1994).

The Federal Rules of Civil Procedure are applied to an adversary bankruptcy case via Bankruptcy Rule 7012(b). The Court will analyze the Defendant's Motion accordingly. Both failure to state a claim and subject matter jurisdiction are legal issues which the Court reviews de novo. *In re Miell,* 439 B.R. 704, 707 (B.A.P. 8th Cir. 2010) (failure to state a claim), *In re Farmland Indus.,* 567 F.3d 1010, 1016 (8th Cir. 2009) (subject matter jurisdiction).

**Discussion**

ECMC's first argument in support of its Motion is that the 1990 discharge is final and the Bankruptcy Court therefore does not have subject matter jurisdiction to amend it. *Walker I* dispenses with that argument concisely. 427 B.R. at 477 ("At the outset, this is not a subject matter jurisdiction issue."). The dischargeability of the loan at issue was never determined, and a general discharge does not cover generally nondischargeable debts. 11 U.S.C. § 523(a) ("A discharge under section 727 [Chapter 7]… does not discharge an individual debtor from [(a)(8) educational loans].") *Walker I* holds that Rule 4007(b) allows a debtor to file a dischargeability determination case *at any time*, including after discharge. 427 B.R. at 477-78 ("ECMC asserts that 'at any time' in Rule 4007 means 'at any time before discharge is entered.' We disagree. Had that been the intent of the rule, the rule could have said that."). Nor is there any bright line time bar that prevents Queen from reopening her bankruptcy case after 20 years. *See In re Dunning Bros.,* 410 B.R. 877, 890 (Bankr. E.D. Cal. 2009) ("no defect in this court's jurisdiction" to reopen case after 73 years).

ECMC is likely correct that it will be difficult to determine Queen's financial state as of 1990, although *Walker II* makes clear that her financial situation since is relevant to undue hardship. Queen recognizes that—regardless of the exact time period to be considered—undue hardship is hers to prove and she will lose if she fails to carry that burden. But the overall likelihood of prevailing is not relevant to whether a plaintiff has stated a plausible claim for relief. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (noting that the requirement is plausible not probable). The Bankruptcy Court noted that "ripeness, mootness or laches" might apply to bar this suit. Regarding laches, this is an affirmative defense that must be pled and proved by ECMC, and the case was dismissed before ECMC filed an answer. Fed. R. Civ. P.

8(c)(1); s*ee also Joyce v. Armstrong Teasdale, LLP,* 635 F.3d 364, 367 (8th Cir. 2011) (noting the "general rule" that the possible existence of an affirmative defense is not grounds for dismissal for failure to state a claim). This may be a successful defense for ECMC, given the 20-year span between discharge and filing, but ECMC must prove that Queen "unreasonably delayed or [was] negligent in asserting a claim so that [ECMC] has been prejudiced." *Strawn v. Missouri Bd. of Educ.,* 210 F.3d 954, 956 n.3 (8th Cir. 2000) (citing *Black's Law Dictionary* 879 (7th ed. 1999)); s*ee also Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 950 (10th Cir. 2002) (noting that laches does not apply when a claimant is "justifiably ignorant of the facts creating his…cause of action") (ellipsis in original). Laches is not a basis for dismissal at this time.

Regarding mootness and ripeness, ECMC did not argue that either applies, and the Court fails to see how they might. The case could be moot if the loan has been paid, which does not appear to be the case, or ECMC would not have intercepted Queen's tax refund. If anything, this case is over-ripe for review.

Finally, the Bankruptcy Court noted Queen's ability to file a new bankruptcy case and advised her to do that. This, however, is unrelated to whether or not she has stated a claim. Similarly, the Court has not considered the Plaintiff's arguments regarding the extra-legal consequences to her credit rating of filing a new case. Rather, the Court notes that judicial economy weighs in favor of allowing this case to proceed on its merits, regardless of whether or not Queen could file a new case. *Walker I* makes reference to this issue only briefly, as one of several reasons for distinguishing *In re Emhke*, an unpublished Northern District of California case. As a result, it is far from clear that this was intended to be a broad pronouncement about when debtors must file a new bankruptcy versus an adversary case in an existing bankruptcy.

To summarize, ECMC's arguments regarding subject matter jurisdiction are foreclosed by *Walker I*. Though not binding, the Court finds *Walker I* persuasive and consistent with the plain language of Rule 4007, which allows student loan dischargeability determinations "at any time." Neither the rule nor any case the Court is aware of establishes a bright line rule regarding how much time can elapse between discharge and filing. Finally, *Walker II* undercuts ECMC's arguments regarding the difficulty of determining Queen's financial situation in 1990 by showing that subsequent events, including her current financial situation, are relevant to an undue hardship determination. For these reasons, the judgment below is REVERSED and the case is REMANDED for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date: September 27, 2011                     /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT